# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In Re:<br><br>CLAIRE CAMERON WOLFE<br>       Debtor. | Case No. 10-15024-SBB<br><br>Chapter 7 |
| LIN MERAGE,<br>       Plaintiff,<br>v.<br>CLAIRE CAMERON WOLFE,<br>       Defendant. | Adversary Proceeding 10-01443-SBB |

## ORDER GRANTING DEFENDANT'S MOTION FOR DIRECTED VERDICT

Trial of this matter was held on June 16, 2011 and June 17, 2011. Plaintiff Lin Merage was represented by Timothy Reilly of Fairfield & Woods. Defendant Claire Cameron Wolfe was represented by Darrell Waas and Kathryn Hopping of Waas Campbell Rivera Johnson & Velasquez LLP. The Court having heard testimony on June 16, 2011 and June 17, 2011 and having reviewed the evidence brought before it incorporates its findings of fact and conclusions of law stated on the record in open court by reference herein.

The Court FINDS and it is ORDERED that Defendant's Oral Motion for Directed Verdict is GRANTED and judgment is GRANTED in favor of the Defendant on the First and Second Claims for Relief as contained in Plaintiff's Amended Complaint.

The Court makes the following findings of fact and conclusions of law:

1.    This matter involves the sale of a single family residence located in Grand County, Colorado ("Residence"). The Debtor/Defendant was the designer/developer of the high-

end home through her entities and her own personal services wherein she employed others to serve as general contractor, and engineer, and utilize numerous other professionals and trades to conduct the construction project.

2. There is pending now parallel litigation in State Court involving this Debtor/Defendant and other professionals and trades involved in this Residence.

3. Debtor/Defendant, Claire Cameron Wolfe, hereinafter Defendant, was the seller of Residence and participated in its development and design prior to and during construction.

4. There have been mistakes made in the construction of this Residence. Some appear to be serious and consequential and costly. The mistakes appear to be the product of misjudgments, poor decisions, substandard engineering and design, inadequate construction methods and means, poor craftsmanship, inadequate supervision and quality monitoring. There has been shown negligent conduct, quick ill-conceived changes in construction, unprofessional work product, among other deficiencies. The source of the mistakes seems to lie between and among the Debtor/Defendant, the contractor, Mr. Fairbanks, and the engineer, Mr. Moore, and, the Court strongly suspects, others. The evidence and testimony regarding those mistakes and issues are not before the Court, and the Court makes no opinion regarding those matters.

5. The focus of the Court is the culpability and liability, if any, of the Defendant for fraudulent conduct under Section 11 U.S.C. § 523(a)(2)(A). 11 U.S.C. §523(a)(2)(A) governs exceptions to discharge. 11 U.S.C. §523(a)(2)(A) provides in relevant part that

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> …

> (2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by –
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting a debtor's or an insider's financial condition….

6. In addition to the Bankruptcy Code, this Court has examined and considered the following relevant case law: *Field v. Mans*,[1] *Clark v. Bryant (In re Bryant)*,[2] *Starr v. Reynolds (In re Reynolds)*,[3] *In re Manriquez*,[4] *Testers v. Carlson (In re Carlson)*,[5] *First National Bank v. Cribbs (In re Cribbs)*,[6] *Dunston v. Evans (In re Dunston)*,[7] *Johnson v. Reibesell (In re Reibesell)*[8] and *Blascak v. Sprague (In re Sprague)*.[9]

7. In this matter, the burden of proof is on the Plaintiff to prove fraud by a preponderance of the evidence. The elements of fraud include: (1) that the debtor made a false representation; (2) that the debtor made the representation with the intent and purpose of deceiving the plaintiff; (3) the plaintiff relied on the representation; and (4) damages.

8. This Court is also cognizant that reckless disregard for the truth can be deemed to

---

[1] 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).

[2] 241 B.R. 756 (Bankr. M.D. Fla. 1999).

[3] 197 B.R. 198 (Bankr. D.N.J. 1995).

[4] 2009 WL 3015161 (D. Colo. 2009).

[5] 381 B.R. 417 (10th Cir. BAP Jan. 23, 2008).

[6] 327 B.R. 668 (10th Cir. BAP 2005).

[7] 117 B.R. 632 (Bankr. D. Colo. 1990).

[8] 586 F.3d 782 (10th Cir. 2009).

[9] 205 B.R. 851 (Bankr. N.D. Ohio 1997).

{00005321 / 2 }

be fraud.[10] This Court reviews the elements and the facts of this case and the totality of circumstances. Actual fraud or the burden of actual fraud is carried if reckless disregard of the facts is shown. Omissions of material fact knowingly made also constitute fraud under § 523(a)(2)(a).

9. Having reviewed the facts and relevant law, this Court finds that Plaintiff has not carried its burden of demonstrating fraud. Plaintiff has not proven that Defendant knowingly made false or fraudulent representations and that Plaintiff relied on these alleged misrepresentations. Further, the Court does not find reckless disregard.

10. Instead, this Court finds that the evidence demonstrates that, while Defendant may not have fulfilled the standards in the industry for designer/developers, the Plaintiff has not shown by a preponderance of the evidence that Defendant knowingly and intentionally made misrepresentations to the Plaintiff.

11. Evidence in support of this conclusion includes that the Defendant relied on others to perform work on the property.

12. The Court also finds that the Defendant did not have certain skills, knowledge, or expertise in certain technical areas of construction, such as structural engineering.

13. Additional persuasive evidence is Defendant's own testimony that she was not aware of the presence of any structural defects or code violations in the Residence. Defendant was not informed by others that there were deficiencies in the Residence. These others include the general contractor Dan Fairbanks, the structural engineer Jason Moore, Defendant's partner Lisa Simpson, as well as city officials who inspected the Residence and approved its various

---

[10] *See Cribbs*, 327 B.R. at 673.

elements and final completion. There was no evidence of delivery of information to the Debtor with regard to any deficiency in construction.

14. Additionally, the Defendant's level of knowledge was limited. Plaintiff Lin Merage's testimony and others who testified demonstrated that they have no knowledge or evidence that the Debtor knowingly made false representations or concealed material information.

15. The Debtor did supply a Seller's Property Disclosure to Plaintiff in connection with the sale; however, the evidence demonstrates that all of the information contained in that Seller's Property Disclosure was based upon the Debtor's current actual knowledge and was dependent upon her current actual knowledge concerning the Residence.

16. Additionally, during the course of the purchase, Plaintiff had a team of professionals aiding her in the purchase of the Residence, including real estate attorneys, a licensed broker, a structural engineer, a home inspector and an architect. Plaintiff's team was unable to discern any structural deficiencies in the Residence at the time of sale.

17. Plaintiff's inspectors came up with their own list of deficiencies and they made demands for certain fixes of deficiencies and repairs, or changes and indeed to a greater or lesser degree those were satisfied. They were resolved to the Plaintiff's satisfaction. But notably the items that the Plaintiff recognizes were disclosed by the Debtor were not followed through with by her own agents, representatives and inspectors.

18. The Court is cognizant of various facts during construction (1) there is evidence of many work changes that were made during the course of construction.; (2) the Defendant failed to get County approvals during construction for changes that were implemented in design;

(3) Lisa Simpson was terminated, after which Defendant undertook full responsibility for Lisa Simpson's duties; (4) financial problems existed on the project; and (5) after construction was completed, Defendant held the property for approximately two years before it was sold to Plaintiff.

19. However, the Court finds that these various facts do not evidence fraud or a knowing intent to mislead.

20. Moreover, dischargeability is to be liberally construed, and Plaintiff failed to meet its burden to prove facts supporting its claim of nondischargeability.

Based upon the foregoing, it is ORDERED that Defendant's Oral Motion for Directed Verdict is GRANTED and JUDGEMENT is GRANTED in favor of the Defendant on the First and Second Claims for Relief as contained in Plaintiff's Amended Complaint.

As this Order and separate Judgment entered concurrently herewith resolve this matter, the Clerk of the Court may close this Adversary Proceeding 14 days after this Order and separate Judgment become final and non-appealable.

SO ORDERED this 13th day of July, 2011.

BY THE COURT:

_____
Sidney B. Brooks,
Bankruptcy Judge

{00005321 / 2 }